HICKOX and another, Respondents, vs. SEEGNER, Appellant.

*October 18—November 15, 1904.*

*Landlord and tenant: Lease: Construction: Sale of premises: Termination: Removal of tenant.*

A lease for a term of five years provided that it should "expire after three years (from its date) if the leased property is sold." More than three years after the date of the lease the property was sold. *Held*, that the lease at once expired on the sale, and the grantee under such sale could maintain proceedings to remove the tenant.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

This is a proceeding to remove a tenant, under ch. 145, Stats. 1898. The case was tried before a jury, and the evidence showed without dispute that September 16, 1899, one Anna Kleinhans, then being owner of a store building in the city of Milwaukee, leased the same by written lease to the defendant for a term of five years from October 15, 1899, the lease containing this provision:

"This lease will expire after three years from October 15, 1899, if the leased property is sold."

It further appears that the defendant went into possession of the premises, and is still in the possession of the same, and that on January 26, 1893, Anna Kleinhans sold and conveyed the same and assigned the lease aforesaid to one Odenbrett, who transferred both the premises and the lease to the Farwell Investment Company on the same day, which company transferred both the property and the lease to the plaintiffs on the 28th of February following; that due notice terminating said lease was given prior to the commencement of this action. Defendant refuses to vacate the premises, claiming that the lease had not been terminated at the time of the commencement of this action. The following special verdict was rendered:

"(1) By the use of the following words, to wit, 'This lease will expire after three years from October 15, 1899, if the leased property is sold,' did the parties to the lease mean and intend that the lease should expire three years from October 15, 1899, if in the meantime the property should be sold, and if not sold during said time the lease should not expire before the end of five years? A. Yes. (2) If you answer the first question 'No,' then by the use of the following words, to wit, 'This lease will expire after three years from October 15, 1899, if the leased property is sold,' did the parties to the lease mean and intend that, if the premises should be sold at any time after three years from October 15, 1899, the lease should thereupon expire, but if sold before October 15, 1902, it should not expire before said last-mentioned date? A. No."

After the rendition of the verdict the plaintiffs moved for judgment, and, if that motion were denied, they further moved that the verdict be set aside, and for a new trial. The court concluded that upon the undisputed facts the plaintiffs were entitled to recover possession, and rendered judgment for the plaintiffs, from which the defendant appeals.

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *Charles E. Canright.*

*C. T. Hickox,* of counsel, for the respondents.

WINSLOW, J.   The sole question in this case is as to the proper construction of the clause in the lease which runs thus:

"This lease will expire after three years from October 15, 1899, if the leased property is sold."

The plaintiffs argue that this clause means that, if the property is sold after three years from October 15, 1899, as in fact it was, the lease will at once expire.   The defendant, on the other hand, claims that the clause means that, if the property is sold within the three-year period, then the lease will expire at the end of the period.   We have no doubt of the correctness of the plaintiffs' construction.   By that construction every word of the sentence is given its natural and usual meaning, and no words are added.   The defendant's construction requires either the insertion of other words, or a change in the order of the words used, or both.   In this situation, upon very familiar principles, the plaintiffs' construction must be adopted.

*By the Court.*—Judgment affirmed.